IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:CR-07-399-05
:
**v.** :
:
**JESUS PADILLA-CASTRO** :

# MEMORANDUM

**I.**  **Background**

Before the court is Defendant's motion filed pursuant to 28 U.S.C. § 2255.[1] In his motion, Defendant claims that his counsel did not explain to him the appropriate sentence he could receive, believing he would receive a 37 month sentence when, in fact, he received a 60 month sentence. He also claims he was unaware he was giving up his right to appeal and challenge his sentence. He also claims this court did not grant him any leniency in his sentence. The first two allegations are claims of incompetency of counsel.

**II.**  **Discussion**

    **A. Waiver of Appeal**

Before addressing the ineffective assistance of counsel claims, this court must first determine whether Defendant has knowingly and intelligently waived his right to appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 2255.

---

[1] The factual and procedural background of this case are set forth in the briefs of the parties and will not be repeated herein.

At the change of plea proceeding, a Spanish speaking interpreter was present. Defendant was advised by the Government at that proceeding that paragraph 32 of the plea agreement provides for a waiver of appeal – both direct and collateral. (Transcript of Change of Plea Proceeding ("Tr.") at pp. 20-22.) This court also advised Defendant that he waived his right to appeal his conviction and sentence, either directly or collaterally. (Tr at p. 8.) He was further advised that he could file an appeal, but whether the court of appeals would address it was within the court of appeals discretion. (Tr. at p. 8.)

Defendant cites two cases for the proposition that a defendant can never knowingly and intelligently waive the right to appeal or collaterally attack a sentence that has not yet been imposed, *United States v. Raynor*, 989 F. Supp. 43 (D.D.C. 1997) and *United States v. Demetrius Johnson*, 992 F. Supp. 437 (D.D.C. 1997). Counsel for Defendant has, however, cited Third Circuit case law contrary to the above holdings. *United States v. Howard*, 319 F. Appx. 165 (3d Cir. 2009); *United States v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001).

At the change of plea proceeding, Defendant was asked whether the plea agreement had been translated for him. He replied in the affirmative. (Tr. at p. 9.) He was asked whether he had any questions about his rights and he replied in the negative. (Tr. at pp. 12-13.)

In light of the above, this court finds Defendant understood the waiver of appeal and that the waiver was knowingly and intelligently entered.

**B. Ineffective Assistance of Counsel**

1. Standard

To prevail on a claim of ineffective assistance of counsel, Defendant must establish that (1) the performance of counsel fell below an objective standard

of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The first prong requires a defendant to show that counsel was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. The benchmark for judging any claim of ineffectiveness of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

The second prong of *Strickland* requires a defendant to show that counsel's deficient performance prejudiced the defense, meaning that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable. *Strickland* at 686.

As to claims of ineffective assistance of counsel relating to guilty pleas, "[t]he established general rule is that where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective counsel." *Sepulveda v. United States*, 69 F. Supp.2d 633, 641 (D.N.J. 1999).

2. Advice of Counsel Regarding Guideline Sentence

Defendant was under the impression that he would receive a 37 month sentence. This was based on an offense level of 21 and a criminal history of I, which gives a guideline range of 37-46 months. Because, however, the statutory minimum is five years imprisonment, the guideline range was 60 months.

Assuming counsel gave an erroneous prediction of a likely sentence, Defendant was not prejudiced. The plea agreement advised Defendant that the maximum sentence for his offense was imprisonment for a period of 40 years. At the change of plea proceeding, the assistant United States attorney advised

Defendant of this, as well as the fact that the minimum penalty was five years. (Tr. at p. 5.) This court advised Defendant of the same. (Tr. at p. 7.)

Defendant was asked if anyone promised him what his sentence would be and he replied in the negative. (Tr. at p. 7.) He was further advised "that if the guideline that this court uses . . . is different from what counsel may have estimated . . . you cannot withdraw your guilty plea. Defendant replied in the affirmative. (Tr. at p. 8.)

If counsel is deemed deficient in his advice as to the potential guideline, Defendant was not prejudiced because he was adequately advised as to the potential sentence during the Rule 11 colloquy.

### C. Failure of Court to Grant Leniency

This issue does not implicate competency of counsel and had Defendant not waived his right to appeal, he could have raised this issue on direct appeal. In any event, the court will address this issue.

Because of the stipulated amount of the drugs, Defendant's offense level was 26. He was given a three-point reduction for acceptance of responsibility which brought his offense level to 23. Defendant received another 2 point reduction for role in the offense, which brought his offense level to 21. Considered with his criminal history of I, his guideline range was 37 to 46 months. The statutory minimum, however, required the imposition of at least a sixty month sentence. This issue is frivolous.

An appropriate order will be issued.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: October 16, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CASE NO. 1:CR-07-399-05
:
v. :
:
JESUS PADILLA-CASTRO :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

2) The Clerk of Court is directed to close the file.

3) This court declines to issue a certificate of appealability.

                                                   s/Sylvia H. Rambo
                                                  United States District Judge

Dated: October 16, 2009.